Parmanand v Centeno (2025 NY Slip Op 07393)

Parmanand v Centeno

2025 NY Slip Op 07393

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-01666
 (Index No. 719603/18)

[*1]Raywatie Parmanand, etc., appellant, 
vLesley Ann Centeno, et al., respondents, et al., defendants.

Michael Manoussos & Co, PLLC, Kew Gardens, NY, for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated January 13, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew her prior cross-motion for summary judgment on the issue of liability insofar as asserted against the defendants Lesley Ann Centeno and Robert Centeno, Jr., which had been denied in an order of the same court dated August 9, 2022, and her opposition to that branch of the prior motion of the defendants Lesley Ann Centeno and Robert Centeno, Jr., which was for summary judgment dismissing the complaint insofar as asserted against them, which had been granted in the order dated August 9, 2022.
ORDERED that the order dated January 13, 2023, is affirmed insofar as appealed from, without costs or disbursements.
In May 2017, the decedent was brought by ambulance to the defendant Jamaica Hospital Medical Center, where he was treated for severe intoxication and a minor head injury. At approximately 2:00 a.m. on the morning after his arrival, the decedent was discharged from the hospital, and shortly thereafter he attempted to cross the adjacent Van Wyck Expressway on foot. While crossing, he was struck and killed by an automobile driven by the defendant Lesley Ann Centeno and allegedly owned by the defendant Robert Centeno, Jr. (hereinafter together the Centeno defendants).
The plaintiff commenced this action against, among others, the Centeno defendants, inter alia, to recover damages for wrongful death. Following discovery, the Centeno defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The plaintiff cross-moved for summary judgment on the issue of liability insofar as asserted against the Centeno defendants. In an order dated August 9, 2022, the Supreme Court, among other things, granted the Centeno defendants' motion and denied the plaintiff's cross-motion.
Thereafter, the plaintiff moved, inter alia, for leave to renew her prior cross-motion and her opposition to that branch of the Centeno defendants' prior motion which was for summary judgment dismissing the complaint insofar as asserted against them, based on the inadvertent omission of a police report from her prior submissions. By order dated January 13, 2023, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination and shall contain reasonable justification for the failure to present such facts on the prior motion" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773 [internal quotation marks omitted]; see also CPLR 2221[e][2], [3]). Here, the plaintiff failed to demonstrate that the new material presented would have changed the prior determinations (see Pixtun-Suret v Gevinski, 165 AD3d 715). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew her prior cross-motion and her opposition to that branch of the Centeno defendants' prior motion which was for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court